UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS C. L. DUKES,

       Plaintiff,

v.

WILLIAM A. GARRETT,

       Defendant.

CASE NO. 11-10009
HONORABLE NANCY G. EDMUNDS

_____/

## OPINION AND ORDER VACATING THE ORDER OF REFERENCE TO THE MAGISTRATE JUDGE AND DISMISSING THE COMPLAINT

This matter is pending before the Court on plaintiff Carlos C. L. Dukes' *pro se* civil rights complaint for money damages. Plaintiff is a state prisoner at Macomb Correctional Facility in New Haven, Michigan. Defendant William A. Garrett is an attorney with offices in Temperance, Michigan. Plaintiff alleges that his family retained Mr. Garrett to represent him on appeal from his criminal conviction, but did absolutely nothing to help him. According to Plaintiff, Mr. Garrett took his family's money and broke the law instead of upholding the law. Plaintiff seeks to recover the funds that his family forwarded to Mr. Garrett and punitive damages for emotional injury.

### I. STANDARD OF REVIEW

The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.

*Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).

While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted). Conclusory statements will not suffice. *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, __ F.3d. __, __, No. 09-5575, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

## II. DISCUSSION

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). Plaintiff's complaint is frivolous and fails to state a claim, because it fails to satisfy the second prong of this test. Defense attorneys, whether retained or appointed by the court, do not act under color of law when performing the traditional functions of counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981) (public

2

defenders); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorneys appointed by the court); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (retained attorneys). "Whatever cause of action [Plaintiff] might have against his lawyer, whether sounding in professional malpractice, tort, or otherwise, is one of state law insufficient to vest a federal court with jurisdiction over the subject matter." *Fine v. New York*, 529 F.2d 70, 74 (2d Cir. 1975). Section

> 1983 does not impose liability for violations of duties which arise out of tort law. The remedy for such violations lies in state courts where traditional principles of tort law are applied. Section 1983 is implicated only when the acts of a defendant under color of state law violate rights protected by the Constitution or laws of the United States.

*Wilson v. Beebe*, 770 F.2d 578, 582 (6th Cir. 1985). If Plaintiff desires to attack his conviction on the basis of ineffective representation of counsel, his remedy is to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Deas v. Potts*, 547 F.2d at 800.

Finally, Plaintiff has not alleged any physical injury; he seeks relief for emotional injury only. He may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

### III. CONCLUSION

Plaintiff's claims lack an arguable basis under law and fail to state a claim for which relief may be granted. Accordingly, the order of reference to United States Magistrate Judge Charles E. Binder [Dkt. #6] is **VACATED**, and the complaint [Dkt. #1] is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

An appeal from this order would be frivolous and could not be taken in good faith. Consequently, Plaintiff may not proceed without prepayment of the fees and costs on

appeal if he decides to appeal this decision.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated:  February 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2011, by electronic and/or ordinary mail.

                s/Carol A. Hemeyer
                Case Manager